PW:SBK:KAN
F. #2003R01661
F. #2004v01553

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DIEGO VARONA,
    also known as "Chuqui" and
    "Oscar,"

        Defendant.

- - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 21, U.S.C., §§ 846,
841(b)(1)(A)(ii)(II),
848(a), 848(c), 952(a),
959(c), 960(a)(1),
960(a)(3),
960(b)(1)(B)(ii), 963 and
853(p); T. 18, U.S.C., §§
2 and 3551 et seq.)

THE GRAND JURY CHARGES:

### COUNT ONE
(Continuing Criminal Enterprise)

    1.    In or about and between 1989 and December 2004, both
dates being approximate and inclusive, within the Eastern District
of New York and elsewhere, the defendant DIEGO VARONA, also known
as "Chuqui" and "Oscar," together with others, did knowingly and
intentionally engage in a continuing criminal enterprise, in that
he committed violations of Title 21, United States Code, Sections
841(a)(1), 846, 848(e)(1)(A), 952(a), 959(a) and 963, including
violations one through seven set forth below, which violations were
part of a continuing series of violations of those statutes
undertaken by the defendant DIEGO VARONA, in concert with five or
more other persons, with respect to whom the defendant DIEGO VARONA
occupied a position of organizer, supervisor and manager, and from

which continuing series of violations the defendant DIEGO VARONA
obtained substantial income and resources.  The continuing series
of violations, as defined by Title 21, United States Code, Section
848(c), includes the following violations set forth below:

### Violation One
(Murder of Gladys Claudio-Arce)

2.     On or about March 5, 1993, within the Eastern
District of New York, the defendant DIEGO VARONA, together with
others, while engaged in offenses punishable under Sections
841(b)(1)(A), 846, 960(b)(1) and 963 of Title 21 of the United
States Code, to wit, (1) conspiracy to distribute and possess with
intent to distribute a controlled substance, which involved five
kilograms or more of a substance containing cocaine, a Schedule II
controlled substance, and (2) conspiracy to import a controlled
substance into the United States from a place outside thereof,
which offense involved five kilograms or more of a substance
containing cocaine, a Schedule II controlled substance, did
knowingly and intentionally kill and cause the intentional killing
of another person, to wit, Gladys Claudio-Arce, and such killing
did result, in violation of Title 21, United States Code, Section
848(e)(1)(A).

### Violation Two
(Murder of Vladimir Biegelman, also known as "The Russian")

3.     On or about December 2, 1993, within the Eastern
District of New York, the defendant DIEGO VARONA, together with
others, while engaged in offenses punishable under Sections

-2-

841(b)(1)(A), 846, 960(b)(1) and 963 of Title 21 of the United States Code, to wit, (1) conspiracy to distribute and possess with intent to distribute a controlled substance, which involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, and (2) conspiracy to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, did knowingly and intentionally kill and cause the intentional killing of another person, to wit, Vladimir Biegelman, also known as "The Russian," and such killing did result, in violation of Title 21, United States Code, Section 848(e)(1)(A).

### Violation Three
(Conspiracy to Distribute Cocaine)

4.    In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

-3-

### Violation Four
(Conspiracy to Import Cocaine)

5.    In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a), all in violation of Title 21, United States Code, Section 963.

### Violation Five
(International Distribution Conspiracy)

6.    In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a), all in violation of Title 21, United States Code, Section 963.

-4-

<u>Violation Six</u>
(Distribution of and Possession with
Intent to Distribute Cocaine)

7.    In or about and between December 2000 and August
2001, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant DIEGO
VARONA, together with others, did knowingly and intentionally
distribute and possess with intent to distribute a controlled
substance, which offense involved five kilograms or more of a
substance containing cocaine, a Schedule II controlled substance,
in violation of Title 21, United States Code, Sections 841(a)(1)
and Title 18, United States Code, Section 2.

<u>Violation Seven</u>
(Importation of Cocaine)

8.    In or about and between December 2000 and August
2001, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant DIEGO
VARONA, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place
outside thereof, which offense involved five kilograms or more of
a substance containing cocaine, a Schedule II controlled substance,
in violation of Title 21, United States Code, Sections 952(a) and
Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a) and
848(c); Title 18, United States Code, Sections 3551 <u>et</u> <u>seq</u>.)

-5-

## COUNT TWO
(Conspiracy to Possess with
Intent to Distribute Cocaine)

9.    In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Conspiracy to Import Cocaine)

10.    In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a

-6-

Schedule II controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(International Distribution Conspiracy)

11.  In or about and between 1989 and December 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 963, 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNTS FIVE THROUGH EIGHT
(International Distribution of Cocaine)

12.  In or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and

intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance:

| COUNT | APPROXIMATE DATES |
|-------|-------------------|
| 5 | December 2000 and August 2001 |
| 6 | December 2000 and August 2001 |
| 7 | December 2000 and August 2001 |
| 8 | December 2000 and August 2001 |

(Title 21, United States Code, Sections 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNTS NINE THROUGH TWELVE
(Importation of Cocaine)

13.   In or about and between the dates listed below, such dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEGO VARONA, also known as "Chuqui" and "Oscar," together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance:

| COUNT | APPROXIMATE DATES |
|-------|-------------------|
| 9 | December 2000 and August 2001 |
| 10 | December 2000 and August 2001 |

-8-

| 11 | December 2000 and August 2001 |
| 12 | December 2000 and August 2001 |

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

ADDITIONAL ALLEGATIONS AS TO COUNTS ONE THROUGH TWELVE

14. The allegations contained in Counts One through Twelve are hereby realleged and incorporated as if fully set forth in this paragraph, and the additional allegations below are incorporated by reference into Counts One through Twelve.

15. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendant, and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendant in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

a. The offense involved at least 150 kilograms of cocaine (U.S.S.G. § 2D1.1(c)(1)).

b. A victim was killed under circumstances that would constitute murder under Title 18, United States Code, Section 1111 (U.S.S.G. §§ 2D1.1(d)(1) and 2A1.1).

-9-

16.   The defendant DIEGO VARONA, also known as "Chuqui" and "Oscar," was a manager and supervisor of criminal activity that involved five or more participants and was otherwise extensive (U.S.S.G. § 3B1.1(b)).

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

17.   The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

18.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

-10-

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH TWELVE

19.  The United States hereby gives notice to the defendant charged in Counts Two through Twelve that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

20.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

-11-

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))


_Patricia Harris_
FOREPERSON

---

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:

ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

-12-